# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6199 | **DATE** | 10/31/2008 |
| **CASE TITLE** | Louis Atsaves, et al vs. Helander, et al | | |

**DOCKET ENTRY TEXT**

Hearing on Plaintiffs' Emergency Motion Held on 10/31/2008. Plaintiffs Laous Astaves, Daniel Venturi, Dan Sugrue, the Lake County Republican Central Committee and the Illinois Republican Party (collectively "Plaintiffs") Emergency Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief [9] is denied as moot. Petitioner, Ana Zuluaga's Petition to Intervene [13] is moot. This case is hereby remanded to state court forthwith.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This Court has reviewed Plaintiffs' motion and finds the following. First, it is unlikely that a private litigant can bring an action under the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483. *See Brunner v. Ohio Republican Party*, 2008 WL 4601731 (U.S. Sup. Ct. Oct. 17, 2008). Second, to bring an action under 42 U.S.C. § 1983, Plaintiffs must demonstrate willful and wanton conduct on the part of a state actor. *See Kozuszek v. Brewer*, 2008 WL 4490182 (7th Cir. Oct. 8, 2008); *Bodine v. Elkhart*, 788 F.2d 1270 (7th Cir. 1986). Here, there have been no allegations of willful and wanton activity on the part of the Lake County clerk, Willard Helander ("Helander"). Based on the new representations of Helander today in court, the Lake County clerks' office is handling all of the voter registration applications, including the questionable applications, according to the Illinois Election Code, 10 ILCS 5/1-1 *et seq*. Helander has further represented that to date she has reviewed all voter registration applications, has followed all procedures set forth in the Illinois Election Code and that these procedures will continue to be followed until after the election is over. Therefore, this Court finds there is no case or controversy and remands this case to state court forthwith. *See O'Sullivan v. City of Chicago*, 396 F.3d 843 (7th Cir. 2005); 28 U.S.C. 1447©.